## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BERNADETTE BURGESS            :
2134 Barr Road                   :
Wilmington, DE 19808        :     CIVIL ACTION
                              :
        Plaintiff,             :     DOCKET NO.:
    v.                           :
                              :
BOWLING GREEN            :
BRANDYWINE TREATMENT   :
CENTER                      :     **JURY TRIAL DEMANDED**
1375 Newark Road           :
Kennett Square, PA 19348     :
        and                :
ACADIA HEALTHCARE      :
6100 Tower Circle, Suite 1000   :
Franklin, TN 37067         :
        and                :
CRC Health Group, Inc.       :
20400 Stevens Creek Blvd.    :
6th Floor                       :
Cupertino, CA 95014         :
                              :
        Defendants.         :

## CIVIL ACTION COMPLAINT

Bernadette Burgess (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      This action has been initiated by Plaintiff against Defendants for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), Pennsylvania Common Law, and the

Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under the ADA, FMLA, and ADEA. This Court may also assert supplemental jurisdiction over Plaintiff's state law claims (when amended), as they arise out of the same facts as her federal law claims.

3.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA and ADEA.

Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

<strong><u>PARTIES</u></strong>

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption

8.      Defendants Bowling Green Brandywine Treatment Center, Acadia Healthcare, CRC Health Group, Inc. all collectively provide drug and alcohol abuse rehabilitation treatment, and operate out of locations in Kennett Square, PA, among other locations, including overseas.

9.      Upon information and belief, Defendant CRC Health Group, Inc. paid Plaintiff, as is reflected by Plaintiff's paystubs.

10.     Upon information and belief, Defendant Acadia Healthcare acquired Defendant CRC Health Group, Inc., instituting its own advertising methods, requiring the companies to hold themselves out as Acadia Healthcare, and interposing its own management and Board Members for decision-making powers upon Defendant CRC Health Group, Inc.

11.     Upon information and belief, once Defendant Acadia Healthcare acquired Defendant CRC Health Group, Inc., it began paying Plaintiff, as is reflected by Plaintiff's paystubs.

12.     Plaintiff physically works at Defendant Bowling Green Brandywine Treatment Center ("Defendant Bowling"), located in Kennett Square, PA, and is supervised and/or managed by employees of Defendant Bowling Green Brandywine Treatment Center. Defendant Bowling supervises Plaintiff's day-to-day activities and has control over the terms and conditions of her employment, including but not limited to the authority to hire, fire and discipline her.

3

13.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

14.     At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

15.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16.     Plaintiff is a 63-year-old female.

17.     Plaintiff was initially hired by Defendants in or about early February of 2015. At all relevant times herein, Plaintiff has worked solely within Defendants' location in Kennett Square, Pennsylvania.

18.     Plaintiff has and remains employed (through the present) as a Therapist, with the exception of a period of time, as discussed *infra*.

19.     Throughout her employment with Defendants, Plaintiff has been a dedicated and hard-working employee, who has performed her job well.

20.     Plaintiff suffers from serious health conditions, including but not limited to diabetes, diabetic neuropathy, and heart problems.

21.     Plaintiff's aforesaid health problems, at times, affect her ability to breathe, stand, walk, kneel, squat, lift and bend, and control her blood sugar (among other daily life activities).

22.  During Plaintiff's employment, she informed Defendants' management about her medical conditions, including but not limited to informing them of her heart problems, diabetes, and diabetic neuropathy. Plaintiff also requested accommodations and FMLA leave for same.

23.  Despite Plaintiff's aforesaid health problems, she is still able to perform the duties of her job well with Defendants; however, at times, she needs reasonable accommodations.

24.  In or about July of 2017, Plaintiff requested and was granted permission to use a scooter at work, as a reasonable accommodation for her medical conditions, to assist her in getting around the workplace.

25.  In or about October of 2017, Plaintiff suffered a work-place injury, which resulted in a torn ligament and agitation of a spur in her right foot.

26.  Plaintiff reported the injury to Defendants' management.

27.  As a result of the aforementioned injury, Plaintiff initiated a worker's compensation claim with Defendants.

28.  Shortly following the accident and in line with her doctor's recommendations, Plaintiff requested from Defendants a brief block medical leave of absence, beginning in or about October of 2017.

29.  Plaintiff informed her Supervisor, Andy Meadowcroft, that as a result of the aforesaid work-place injury, she would be out for approximately six weeks.

30.  Shortly thereafter, Plaintiff underwent three operations in connection with her ankle, due to complications.

31.  Due to complications with her surgeries, Plaintiff was not able to return to work after six weeks. However, she kept her supervisor and management informed of her conditions and recovery.

32.     Plaintiff's ankle injuries exacerbated her diabetic neuropathy and other medical conditions.

33.     Plaintiff took a medical leave of absence from in or about October 2017 to in or about December of 2017.

34.     Defendants did not inform Plaintiff of her individualized FMLA rights, offer her FMLA leave or designate her absences as FMLA-qualifying.

35.     On or about December 18, 2017, Plaintiff was cleared by her doctors to return to work and she attempted to resume working with the same pre-leave medical accommodation, i.e. the use of a scooter to move about Defendants' premises.

36.     However, Plaintiff was told by Terri McCann (head of Human Resources) that the CEO, Bo (last name unknown), said she could not come back to work and use a scooter. McCann then stated to Plaintiff, "you know you are suing us." Upon information and belief, McCann was referring to the aforesaid workers' compensation claim that Plaintiff had initiated after her work place injury.

37.     Upon information and belief, while Plaintiff was out on medical leave, Defendants hired approximately five (5) younger employees within Plaintiff's department.

38.     Defendants did not permit Plaintiff to return to work in December 2017, despite that she had been cleared to work and was able to perform all of her job duties, with an accommodation.

39.     Plaintiff was not offered any alternative positions, accommodations or work assignments. Defendants did not otherwise meet or engage in any interactive discussion with Plaintiff about her return to work or whether they could provide any accommodations to Plaintiff.

6

40.    Thus, as of December 18, 2017, Plaintiff was constructively terminated from Defendants.

41.    As a result of Defendants' discriminatory and retaliatory termination, she filed a charge of discrimination with the Equal Employment Opportunity Commission on or about February 18, 2018, alleging disability and age discrimination and retaliation.

42.    On or about February 27, 2018, shortly after Plaintiff filed the aforesaid charge of discrimination, Plaintiff was permitted to return back to work with her previous accommodation (the use of a scooter in the workplace).

43.    Between about December of 2017 and February 27, 2018, Defendants prevented Plaintiff from returning to work with her pre-leave medical accommodation, did not permit her to return, did not engage in any interactive process with her regarding her medical conditions and need for accommodations and did not speak with her or offer her additional medical leave/FMLA. As a result, Plaintiff was unemployed for more than two months.

44.    Plaintiff incurred lost wages during this period.

45.    Although Plaintiff was permitted to return to work in late February 2018, Defendants did not pay her for any of the losses she incurred as a result of their constructive termination of her back in December 2017.

46.    Plaintiff believes and therefore avers that she was constructively discharged by Defendants between December of 2017 and February 27, 2018 because of her age, actual/perceived/record of disabilities, her requests for accommodations (including FMLA-qualifying leave and using a scooter), and in retaliation for filing a workers' compensation claim.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as amended ("ADAAA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate)**
**-Against All Defendants-**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Plaintiff suffers from qualifying health conditions under the ADA (as amended) which affect her ability (at times) to perform some daily life activities, as described *supra*.

49.     Plaintiff requested reasonable accommodations from Defendants, including but not limited to the use of a scooter to move about Defendants' premises as well as time off from work to obtain medical treatment.

50.     Defendants refused to allow Plaintiff to return to work with her pre-leave medical accommodation from on or about December 18, 2017 through February 27, 2018 and did not otherwise permit Plaintiff to return to work in any capacity.

51.     Defendants also failed to engage in any interactive process with Plaintiff regarding accommodations and did not offer or provide Plaintiff with any alternative accommodations.

52.     The foregoing conduct reflects that Defendants (1) failed to accommodate Plaintiff's disabilities and refused to return her to work and/or constructively terminated her based on her (2) actual and/or perceived health problems; (3) her record of impairment; and (4) in retaliation for her requested accommodations;

53. These actions as aforesaid constitute violations of the ADAAA.

**Second Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**
**-Against All Defendants-**

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

56. Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

57. Plaintiff had at least 1,250 hours of service with the Defendants during her last full year of employment.

58. Defendants are engaged in an industry affecting commerce and upon information and belief employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

59. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

60. Plaintiff's disabilities constituted serious health conditions for purposes of the FMLA.

61. Plaintiff requested a medical leave of absence in connection with her disabilities, which should have been considered an FMLA-protected leave of absence.

62. Defendants failed to properly inform Plaintiff of her individualized FMLA rights and therefore failed to satisfy its notice requirements under the FMLA in connection with Plaintiff's requests for medical leave of absence.

63. Defendants committed interference and retaliation violations of the FMLA by: (1) constructively discharging Plaintiff and/or failing to return her to work for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) failing to properly inform Plaintiff of her individualized FMLA rights; (3) failing to properly designate Plaintiff's absences as FMLA-qualifying; and (4) discouraging her (via refusal to allow her to return to work and failing to designate her absences as FMLA-qualifying) from requesting and/or taking FMLA leave; and (5) considering Plaintiff's FMLA leave needs in making the decision to discharge her.

64. By engaging in the foregoing conduct, Defendants violated the FMLA.

65. As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

### Third Cause of Action
### Violations of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination)
### -Against All Defendants-

66. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

67. As discussed supra, Plaintiff was subjected to discriminatory treatment because of her age.

68. Upon information and belief, five (5) younger employees were hired to work within Plaintiff's department shortly before she attempted and was refused to return to work.

69. Plaintiff believes and avers that she was constructively discharged because of her advanced age.

70. These actions as aforesaid constitute unlawful discrimination under the ADEA.

**Fourth Cause of Action**
**Violations of the Pennsylvania Common Law**
**(Public Policy Violation – Workers' Compensation Retaliation)**
**-Against All Defendants-**

71. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

72. Upon information and belief, Plaintiff was constructively discharged in substantial part for making a claim for workers' compensation benefits and/or seeking worker's compensation benefits and/or for her work-related injuries (as discussed *supra*).

73. It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

74. The mere temporal proximity between Plaintiff's claim for worker's compensation and her constructive discharge creates an inference that her constructive discharge was in retaliation for making such a claim.

75. Additionally, the exhibited hostility from Defendants' management after Plaintiff sought workers' compensation benefits and/or filed a claim for workers' compensation (including but not limited to negative comments made by Defendant's management regarding Plaintiff's injury and claim for same) creates an inference that her constructive discharge was in retaliation for making such a claim and/or seeking such benefits.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.      Plaintiff is to be awarded actual damages, as well as damages for the pain and suffering, and humiliation caused by Defendants' actions (as permitted by applicable law);

C.      Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.      Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 1, 2018

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| Bernadette Burgess | CIVIL ACTION |
| v. | |
| Bowling Green Brandywine Treatment Center, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X )

| 5/1/2018 |  | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2134 Barr Road, Wilmington, DE 19808

Address of Defendant: 1375 Newark Rd, Kennett Square, PA 19348; 6100 Tower Circle, Ste 1000, Franklin, TN 37067; 20400 Stevens Creek Blvd, 6th Fl, Cupertino, CA 95014

Place of Accident, Incident or Transaction: Defendants place of business
_(Use Reverse Side For Additional Space)_

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒
_RELATED CASE, IF ANY:_
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. _Federal Question Cases:_
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. _Diversity Jurisdiction Cases:_
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
_(Check Appropriate Category)_

I, Ari R. Karpf , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 5/1/2018 _____ Attorney-at-Law _____ ARK2484 Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/1/2018 _____ Attorney-at-Law _____ ARK2484 Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BURGESS, BERNADETTE

## DEFENDANTS

BOWLING GREEN BRANDYWINE TREATMENT CENTER, ET AL.

**(b)** County of Residence of First Listed Plaintiff    New Castle
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1  U.S. Government Plaintiff

X 3  Federal Question
*(U.S. Government Not a Party)*

2  U.S. Government Defendant

4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane    365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander    367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers'    Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | Liability    368 Asbestos Personal | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine    Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability    370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal    371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | Injury    380 Other Personal Property Damage | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | 362 Personal Injury - Medical Malpractice    385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights    **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting    463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment    510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations    530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities -    535 Death Penalty | | | |
| 290 All Other Real Property | X 445 Amer. w/Disabilities - Employment    **Other:** | **IMMIGRATION** | | |
| | 446 Amer. w/Disabilities - Other    540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education    550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1 Original Proceeding

2 Removed from State Court

3 Remanded from Appellate Court

4 Reinstated or Reopened

5 Transferred from Another District *(specify)*

6 Multidistrict Litigation - Transfer

8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); ADEA (29USC621)
Brief description of cause:
Violations of the ADA, FMLA, ADEA, PA Common Law and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes    No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE    5/1/2018

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print    Save As...    Reset